UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS, | No.  2:23-cv-1600 KJN P |
| Plaintiff, | |
| v. | ORDER |
| KURGAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

1 | each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
2 | U.S.C. § 1915(b)(2).

3 |      As discussed below, plaintiff's complaint is dismissed with leave to amend.

4 | <u>Screening Standards</u>

5 |      The court is required to screen complaints brought by prisoners seeking relief against a
6 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7 | court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
8 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10 |      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 | <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12 | Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
14 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 | pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
16 | Cir. 1989), <u>superseded by statute as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.
17 | 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
18 | meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at
19 | 1227.

20 |      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 | statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 | defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
23 | <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
24 | In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25 | formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26 | sufficient "to raise a right to relief above the speculative level."  <u>Id.</u>  However, "[s]pecific facts
27 | are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the. . .
28 | claim is and the grounds upon which it rests.'"  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff alleges that Correctional Officers Kurgan, Jones, Gorman, and Cain used excessive force on plaintiff at the 7:40 a.m. pill call while plaintiff was housed at New Folsom Prison in Represa. Specifically, plaintiff states that defendant Kurgan slammed plaintiff to the floor, cuffed plaintiff and whispered in plaintiff's ear that the cameras aren't working and started kicking plaintiff. Kurgan then ordered the rest of the prisoners to leave the rotunda area. Defendant Gorman placed leg cuffs to plaintiff's boots area. While plaintiff was down, Kurgan cut off all of plaintiff's clothes, including his underwear, leaving plaintiff's bare buttocks exposed. Defendant Jones forcefully leaned on plaintiff's spinal area on his back, stopping plaintiff's breath. Kurgan raised plaintiff up and slammed plaintiff down and then defendant Jones forcibly kicked plaintiff in his belly.

Pleading Deficiencies

Plaintiff fails to identify what, if any, injuries plaintiff sustained as a result of the use of excessive force. In addition, plaintiff failed to identify the relief sought. Plaintiff is granted leave to correct such omissions.

Further, plaintiff included no charging allegations as to defendant Cain. Thus, it is unclear whether defendant Cain was involved in the alleged use of excessive force. Plaintiff is required to set forth facts as to each named defendant.

Eighth Amendment Standards

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry

is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate. . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

It appears that plaintiff can state a potentially cognizable Eighth Amendment claim based on the alleged use of excessive force by defendants Kurgan and Jones. Plaintiff should include such allegations in his amended complaint and set forth the injuries plaintiff sustained and his requested relief.

As currently pled, however, plaintiff does not state a cognizable excessive force claim as to defendant Gorman. Simply placing leg irons on a prisoner is not excessive force, even if plaintiff was on the ground when the restraints were applied.

Threat to Safety

Plaintiff marked the box "threat to safety" but included no factual allegations supporting such a claim.

Retaliation

Plaintiff also marked the box "retaliation."

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that they were retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d

4

1  813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate

2  a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt

3  v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-

4  39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was

5  chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes,

6  213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir.

7  2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for

8  retaliation:  "(1) An assertion that a state actor took some adverse action against an inmate (2)

9  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

10  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

11  correctional goal."  Rhodes, 408 F.3d at 567-68.

12        Here, plaintiff does not identify conduct that was protected under the First Amendment,

13  for example, filing a grievance or a lawsuit, or specifically address each of the five elements of a

14  putative retaliation claim.  Plaintiff makes vague references to "gay rights," and transgenders.

15  (ECF No. 1 at 4.)  But plaintiff fails to connect such references to alleged violations of plaintiff's

16  Constitutional rights or federal law.  Plaintiff's reference to President Biden's "49 executive

17  orders of 2021" is similarly vague and without factual support.  Moreover, plaintiff fails to cite a

18  specific Executive Order that created a private right of action.

19  Leave to Amend

20        In light of the above, plaintiff's complaint must be dismissed.  The court, however, grants

21  leave to file an amended complaint.

22        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

24  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

25  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

26  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

27  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

28  F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

1  participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

2  268 (9th Cir. 1982).

3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This requirement exists

6  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

7  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

8  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

9  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

10  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

11  and the involvement of each defendant must be sufficiently alleged.

12         In accordance with the above, IT IS HEREBY ORDERED that:

13         1. Plaintiff's request for leave to proceed in forma pauperis is granted.

14         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

15  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17  Director of the California Department of Corrections and Rehabilitation filed concurrently

18  herewith.

19         3. Plaintiff's complaint is dismissed.

20         4. Within thirty days from the date of this order, plaintiff shall complete the attached

21  Notice of Amendment and submit the following documents to the court:

22              a. The completed Notice of Amendment; and

23              b. An original of the Amended Complaint.

24  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

25  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

26  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

27  ////

28  ////

1        Failure to file an amended complaint in accordance with this order may result in the

2   dismissal of this action.

3   Dated:  September 1, 2023

4

5                                                              KENDALL J. NEWMAN
                                                             UNITED STATES MAGISTRATE JUDGE
6

7   /coll1600.14n

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BOBBY LEE COLLINS,                    No. 2:23-cv-1600 KJN P

                    Plaintiff,
12
          v.                             NOTICE OF AMENDMENT
13
    KURGAN, et al.,
14
                    Defendants.
15

16          Plaintiff hereby submits the following document in compliance with the court's order

17  filed_____.

18                  _____        Amended Complaint
    DATED:
19

20

21                                         _____
                                           Plaintiff
22

23

24

25

26

27

28

                                          1