UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS, | No. 2:23-cv-1600 CSK P |
| Plaintiff, | ORDER |
| v. | |
| KURGAN, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff is advised that the 120 day stay was first imposed on March 19, 2024, which would not have expired until July 17, 2024. (ECF No. 26.) However, on June 3, 2024, the stay was extended until October 3, 2024, the date the settlement conference was scheduled (ECF No. 29).

     On July 15, 2024, plaintiff wrote a letter to the Court concerning his settlement hearing. (ECF No. 30.) Plaintiff's filing is not clear, and he did not sign the document. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Usually, the Court would require plaintiff to refile the document bearing his signature. Id. However, because it appears plaintiff misunderstood when the stay of this action expires and mistakenly thought that the settlement conference was supposed to take place on June 19, 2024, the Court addresses the filing to avoid the necessity of requiring plaintiff to refile a document in a case that is stayed. Plaintiff is cautioned that all future

1

filings must bear his signature.  Id.

Because this action is stayed, plaintiff should refrain from filing documents in this action until the stay is lifted.[1]  Because it is unclear whether plaintiff received the June 3, 2024 minute order, the Clerk is directed to serve another copy of the minute order on plaintiff.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of the June 3, 2024 minute order (ECF No. 29) on plaintiff again.

Dated:  July 23, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/coll1600.inf

---

[1] Plaintiff also appears to seek a transfer to a different prison.  However, prisoners have no liberty interest in avoiding being transferred to another prison, or to be housed in a particular institution.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976).  "[A]n inmate has no constitutional right to incarceration in a prison of his choice."  Woolery v. Shasta County Jail, 2021 WL 2322420, at *4 (E.D. Cal. June 7, 2021); Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007).