UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS,<br><br>          Plaintiff,<br><br>     v.<br><br>KURGAN, et al.,<br><br>          Defendants. | No.  2:23-cv-1600 CSK P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  This action proceeds on plaintiff's amended complaint in which he alleges that defendants Kurgan and Jones used excessive force on plaintiff on November 5, 2022, in violation of the Eighth Amendment.  (ECF No. 17.)  Plaintiff recently filed three documents, which the Court addresses below.

I.     MOTION FOR SUBPOENA

On November 20, 2024, plaintiff filed a motion for video footage from November 5, 2022, and seeks a subpoena directed to defendants' legal team.  (ECF No. 39.)  Plaintiff also states that after this case did not settle on October 3, 2024, defendants "filed a complained [sic] claiming" plaintiff's administrative grievance concerning the defendants' use of excessive force was "never filed."  (Id. at 1.)  Plaintiff appended a copy of a March 9, 2023 memo from the Office of the Inspector General referencing plaintiff's grievance log number 329129 and Allegations Against Staff Tracking System log number 20027774 and contends this memo

demonstrates plaintiff exhausted his administrative remedies. (Id.) Plaintiff also argues that this memo demonstrates defendants lied under oath to cover up plaintiff's claim and requests a court hearing to be set as soon as possible. (Id. at 2.)

### 1. Exhaustion Issue

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA's exhaustion requirement is an affirmative defense, meaning the "defendants must plead and prove" failure to exhaust. Fordley v. Lizarraga, 18 F.4th 344, 350-51 (9th Cir. 2021) (citation omitted).

Plaintiff's reference to defendants filing a "complained [sic]" is unclear. (ECF No. 39 at 1.) However, the Court's docket does not reflect any filing by defendants since the October 3, 2024 settlement conference. Moreover, plaintiff's submission of evidence to rebut an exhaustion claim is premature. Defendants must first file a motion raising such allegation; then plaintiff is entitled to file an opposition and evidence in support of such opposition. Local Rule 230(*l*). Defendants have not filed any such motion. And, in any event, the parties were previously informed that all motions are heard on the papers without the need for a hearing, unless otherwise ordered by the Court. (ECF No. 38 ¶ 7.) Plaintiff's motion (ECF No. 39) is denied.

### 2. Video Footage

To the extent plaintiff seeks video footage, his motion is premature because he has not demonstrated that he first sought the video footage from defendants through discovery. It is plaintiff's obligation to marshal the evidence in support of his claims using the discovery mechanisms provided by the Federal Rules of Civil Procedure. For example, plaintiff may seek such video footage by propounding a request for production of documents and other tangible things under Rule 34 of the Federal Rules of Civil Procedure. Plaintiff is informed that court

permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue. Plaintiff's motion regarding video footage is denied as premature. (ECF No. 39.)

II.     PUTATIVE MOTION FOR DISCOVERY

On November 21, 2024, plaintiff filed a document styled, "Motion for Discovery Reasons." (ECF No. 40.) In this second motion, plaintiff alleges that defendants' counsel "is not properly checking these correctional officers' testimony or requesting" video footage which "should be considered." (Id. at 1.) Plaintiff asks the Court to help him solve the "truthfulness and get justice," and claims he is being taken advantage of due to his disability. (Id. at 1-2.) Plaintiff appends a document entitled "California Department of Corrections and Rehabilitation Body-Worn Camera Technology Frequently Asked Questions (FAQs)," as well as a July 31, 2023 memo from the litigation office at California State Prison, Corcoran to plaintiff. (Id. at 3-5, 7.)[1]

Plaintiff's motion is not properly construed as a motion for discovery. Plaintiff identifies no discovery request or response that he contends is insufficient. As discussed above, if plaintiff wishes to view pertinent video footage of the incidents herein, he must first propound a discovery request to defendants. Fed. R. Civ. P. 34. For these reasons, plaintiff's motion is denied. (Id.)

III.    MOTION REGARDING EXHAUSTION

On November 21, 2024, plaintiff filed a third motion, styled "Motion," in which he again purports to provide documents demonstrating he exhausted his administrative remedies. (ECF No. 41.) Plaintiff reiterates that defense counsel is not investigating the correctional officers' stories, and claims he is still trying to settle this case. (Id. at 2.) Plaintiff also writes "unwilling

---

[1] Plaintiff also provided a copy of the Notice of Electronic Filing of the earlier order issued by Magistrate Judge Sheila Oberto, who transferred plaintiff's earlier case (No. 1:23-cv-1127 SKO) to Sacramento. (Id. at 6.) Plaintiff is advised that the current docket for Case No. 2:23-cv-1600 CSK reflects all filings made in the Fresno case as well as those made in the Sacramento case. Plaintiff is not required to re-file copies of documents already filed on the Court's docket.

to produce camera footage which Folsom facility is fully secured with camera[s] for issue[s] like this," but plaintiff does not identify who was unwilling, or in what context such a request was made. (Id.) Plaintiff is cautioned that although prisons use security cameras, there are many issues that may preclude production of video footage, for example, camera placement, whether a particular camera was operational, as well as whether particular video footage has been retained. This is why it is important for plaintiff to propound a discovery request to defendants to obtain pertinent video footage, because if such footage did not exist or no longer exists, it could not be produced. Because there is no pending motion concerning the exhaustion of administrative remedies, as also described above, plaintiff's submission of documentary evidence is premature, and his motion is denied.[2]

IV. **PREMATURE SUBMISSION OF EXHIBITS**

In his third motion, plaintiff appears to ask the Court to add his documents to this action. (ECF No. 41 at 2.) Plaintiff is advised that the Court is not a repository for the parties' evidence. As explained above, if defendants file a motion for summary judgment alleging plaintiff failed to exhaust administrative remedies, plaintiff will have 21 days to file an opposition accompanied by his documentary evidence in support of his opposition.

V. **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (ECF Nos. 39, 40, 41) are denied without prejudice. The documents appended to such motions are placed in the court file and disregarded. Plaintiff is cautioned that further filing of discovery motions or requests, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

Dated: November 25, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/coll1600.411

---

[2] Plaintiff also appended a copy of the March 19, 2024 Order Referring Case to Post-Screening Early ADR and Staying Case for 120 Days, signed by Magistrate Judge Carolyn Delaney. (ECF No. 41 at 3-6.) It is unclear why plaintiff provided this copy because the settlement conference already took place on October 3, 2024.