UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS, | No. 2:23-cv-1600 CSK P |
| Plaintiff, | |
| v. | ORDER |
| KURGAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests a "state-appointed lawyer," and states he has a mental illness, has a psychiatrist, and is housed on the EOP yard.[1] (ECF No. 45 at 1.) However, unlike in criminal cases where indigent defendants are provided a lawyer, pro se prisoners in civil cases proceeding in forma pauperis are not entitled to appointed lawyers. Further, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

---

[1] The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation ("CDCR") provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB"); and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

1

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff's mental health treatment does not demonstrate exceptional circumstances.  Often this Court is faced with similar cases filed by prisoners who are proceeding pro se and receiving mental health treatment.  Further, at this stage in the proceedings, the Court cannot determine whether plaintiff is likely to succeed on the merits.  The record demonstrates that plaintiff can articulate his claims, and the case is currently in discovery.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 45) is denied without prejudice.

Dated:  December 10, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/coll1600.31.new(2)

2