UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS,<br><br>  Plaintiff,<br><br>  v.<br><br>KURGAN, et al.,<br><br>  Defendants. | No. 2:23-cv-1600 CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On March 3, 2025, plaintiff filed a motion requesting certain documents. (ECF No. 51.) As set forth below, plaintiff's motion is denied with prejudice.

I.   PLAINTIFF'S ALLEGATIONS

In plaintiff's first amended complaint, plaintiff alleges that while he was housed at California State Prison, Sacramento, defendants Kurgen and Jones used excessive force on plaintiff in violation of the Eighth Amendment. (ECF No. 17)

II.   BACKGROUND

On November 20, 2024, the Court issued a discovery and scheduling order. (ECF No. 38.) The discovery deadline was set for March 14, 2025, and the pretrial motions deadline was set for June 6, 2025. (Id.)

///

Plaintiff has filed multiple requests for discovery with the Court. (ECF Nos. 39, 40, 41, 47, 49.) None of these filings were accompanied by proofs of service attesting to service on counsel for defendants. (Id.) On November 25, 2024, the Court cautioned plaintiff that discovery requests must be propounded to defendants. (ECF No. 42.) In January 2025, plaintiff filed two requests with the Court that were not signed. (ECF No. 47, 49.) On February 11, 2025, the Court provided plaintiff with the opportunity to re-file the requests bearing plaintiff's signature, and also reminded plaintiff that discovery requests must be propounded to defendants, not the Court. (ECF No. 50.) Plaintiff did not refile the requests. Instead, on March 3, 2025, plaintiff filed a document styled, "Motion for Defense Attorney to provide all copies of exhausted remedies," construed by docketing as a motion to compel. (ECF No. 51 at 2.) Plaintiff seeks copies of administrative appeals, a grievance, and "all documents which show [probable] causes of the claim 1983 civil rights 11-05-2022 or 11-08-2022 that gives the district attorney the legal rights to offer a settlement." (ECF No. 51 at 2.)

On March 13, 2025, defendants filed an opposition to plaintiff's motion. (ECF No. 52.) Counsel for defendants declares that to date, plaintiff has failed to serve a single discovery request on defendants. (ECF No. 52-1 at 2.)

III.    DISCUSSION

Because plaintiff failed to timely propound the discovery requests on defendants as required under Rule 33 of the Federal Rules of Civil Procedure, and defendants provided evidence that plaintiff has propounded no discovery request to defendants, the Court declines to construe plaintiff's motion as a motion to compel discovery responses. (ECF No. 51.) Because plaintiff failed to first seek discovery from defendants, plaintiff's motion is denied. The Court also previously warned plaintiff, multiple times, that he must serve discovery requests on defendants. (ECF Nos. 42, 50.) Further, discovery is now closed. (ECF No. 38.) Thus, the denial of plaintiff's motion is with prejudice. Plaintiff shall refrain from filing any further discovery requests or motions in this action.

In addition, plaintiff failed to remedy the lack of signatures in his requests filed January 3, 2025 and January 30, 2025 (ECF No. 47, 49) as required by the February 11, 2025 order (ECF

2

No. 50). Therefore, the Clerk of the Court is directed to strike these requests from the record. Fed. R. Civ. P. 11(a).

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 51), construed as an improperly filed discovery request, is denied with prejudice.

2. Plaintiff's requests (ECF Nos. 47, 49) do not bear plaintiff's signature, and the Clerk of the Court is directed to strike these requests from the Court record. Fed. R. Civ. P. 11(a).

3. Discovery is now closed. (ECF No. 38.) Plaintiff shall refrain from filing any further discovery requests or motions in this action.

Dated: April 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/coll1600.den