UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE COLLINS,<br><br>             Plaintiff,<br><br>     v.<br><br>KURGAN, ET AL.,<br><br>             Defendants. | No.  2:23-cv-1600 CSK P<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint under 42 U.S.C. § 1983.  Defendants' fully briefed motion for summary judgment is before the Court.  As discussed below, defendants' motion should be denied.

I.    PLAINTIFF'S FIRST AMENDED COMPLAINT

In his verified first amended complaint, plaintiff alleges that on November 5, 2022, Correctional Officer Kurgan handcuffed plaintiff against the unit six wall while plaintiff was in the medication line at California State Prison, Sacramento.  (ECF No. 17 at 3.)  Defendant Kurgan then threw plaintiff to the floor, and whispered in plaintiff's ear that camera isn't working while kneeing plaintiff a few times.  (Id.)  Kurgan then pressed his alarm for correctional officers to respond.  When defendant Jones arrived, Kurgan told Jones that plaintiff had assaulted Kurgan by kicking Kurgan while plaintiff was in the medication line.  Defendant Jones used excessive force by kneeing plaintiff in the middle of his back, stopping plaintiff's breathing, and causing

1

pain and pressure, then punched plaintiff a few times. (Id. at 4.) When defendant Kurgan lifted plaintiff up to his feet, Jones kicked plaintiff in his belly. (Id.)

II.     LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the

allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled on other grounds as stated in Flood v. Miller, 35 F. App'x 701, 703 n.3 (9th Cir. 2002).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's notes to 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  A verified complaint may be considered as evidence at the summary judgment stage "if it is based on personal knowledge and if it sets forth the requisite facts with specificity." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

3

party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By notice filed on August 5, 2025, plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 59-4 (citing Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc)).).

III.   FACTS AND EVIDENCE

   A. Undisputed Facts

For purposes of summary judgment, the undersigned finds the following facts are undisputed.

1. On November 5, 2022, the date of the incident at issue herein, plaintiff was an inmate incarcerated by the California Department of Corrections and Rehabilitation, and housed at California State Prison, Sacramento.
2. Defendants Kurgan and Jones were employed as correctional officers at California State Prison, Sacramento, on November 5, 2022.
3. Plaintiff admits that he "probably" made an offensive statement to Kurgan before the incident. (Pl.'s Dep. at 48:23-49:2.)
4. Following the use of force on November 5, 2022, defendant Kurgan authored a Rules Violation Report ("RVR") against plaintiff, Log No. 7238922, citing him for battery on a peace officer in violation of California Code of Regulations title 15, section 3005(d)(1). (ECF No. 59-2 at 39-41.)
5. At the March 31, 2023 hearing on the RVR, plaintiff was found guilty, and assessed a credit loss of 121 days. (Id. at 29-38.) There is no evidence that this guilty finding has been overturned, or that the 121 days of lost credits have been restored.

   B. Disputed Facts and Evidence

The parties dispute what took place on November 5, 2022. The RVR contains defendant Kurgan's statement concerning the incident:

4

> On Saturday, November 5, 2022 at approximately 0840 hours I was performing my duties as A6 Floor 2 on 2/W. Inmate COLLINS (BN8025, A6-102U) (Later Identified via Issued state Identification card) approached my partner Officer T. Gorman and I In A Facility 6 block rotunda during morning medication pass. COLLINS stated as he approached "I should just kill all of you fuckin pigs". Inmate COLLINS took a bladed fighting stance with clenched fists, I gave a direct order to COLLINS to face the wall with his hands behind his back to which he complied, Officer Gorman and I placed COLLINS against the staff bathroom wall area, As I attempted to place mechanical hand restraints on inmate COLLINS, he became more erratic and began thrashing his upper body left and right. Inmate COLLINS utilized his left foot to kick and make contact with my right shin. I spoke loud and clear English to and gave COLLINS a direct order to "Get Down" with negative results as he continued thrashing, I used immediate physical force to gain compliance with a lawful order, overcome resistance, effect custody and subdue the attacker by pulling COLLINS down to the ground. I maintained control of COLLINS left arm by placing my left hand on his left bicep and my right hand on his left wrist, Officer Gorman maintained control of COLLINS right side. Due to my focus on the inmate's attack I did not see where Officer Gorman's exact hand placement was. Officer Gorman and I placed inmate COLLINS on the ground to the prone position in front of the staff office in A6. The physical force had the desired effect as COLLINS stopped resisting, I maintained control of COLLINS left arm with both of my hands and placed it behind his back while applying minimal pressure. Responding staff arrived and I observed Officer C. Earnshaw place hand restraints on COLLINS wrists. I was relieved by Officer Earnshaw as he took over my physical placement on inmate COLLINS. I removed myself from the Incident area and exited the housing unit. I received a 7219 medical evaluation from responding medical staff. Officer Earnshaw took photographic evidence of my person soon after.

(ECF No. 59-2 at 39.) As evidence, defendants provided portions of plaintiff's deposition, a copy of the Abstract of Judgment for plaintiff's current commitment offense, and a complete copy of the RVR Log No. 7238922, including the disciplinary hearing results. (ECF No. 59-2.)

In his verified first amended complaint, plaintiff alleges:

> Kurgan handcuffed plaintiff against the unit six wall while plaintiff was in the medication line. Defendant Kurgan then threw plaintiff to the floor, and whispered in plaintiff's ear that camera isn't working while kneeing plaintiff a few times. Kurgan then pressed his alarm for correctional officers to respond. When defendant Jones arrived, Kurgan told Jones that plaintiff had assaulted Kurgan by kicking Kurgan while plaintiff was in the medication line. Defendant Jones used excessive force by kneeing plaintiff in the middle of his back, stopping plaintiff's breathing, and causing pain and pressure, then punched plaintiff a few times. Then defendant Kurgan lifted plaintiff up to his feet while Jones kicked plaintiff in his belly.

5

(ECF No. 17 at 3-4.)[1]  Although plaintiff conceded in his deposition that he "probably" made an offensive statement to Kurgan, plaintiff maintained that Kurgan "threw" plaintiff to the floor, "slammed [plaintiff] down," based on plaintiff's offensive comment to Kurgan; Kurgan "was mad thinking I was talking about the authority figures in here when I was talking about what's on TV." (Pl.'s Dep. at 48:23-25; 50:16; 51:6; 12-19; 52:4-11; 54:5-19.)

IV.   GOVERNING STANDARDS

   A.  Favorable Termination Rule

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In Edwards, the Supreme Court applied Heck to prison disciplinary proceedings.  See id.  "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Heck, 512 U.S. at 487 (emphasis in original). "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.' " Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n.6).  A § 1983 claim that will not necessarily invalidate the underlying disciplinary action may proceed.  See Muhammad v. Close, 540 U.S. 749, 754 (2004) (discussing "the mistaken view expressed in Circuit precedent that Heck applies categorically to all suits challenging prison disciplinary proceedings").

"To decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, [the court] must determine which acts formed the basis for the conviction." Lemos v. County of Sonoma, 40 F.4th 1002, 1006 (9th Cir. 2022) (emphasis in

---

[1] "A [p]laintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000).

original). "The court cannot conclude generally that the plaintiff's conviction was based on the entire incident as a whole, such that a finding of excessive force at any time during the incident would necessarily conflict with the conviction." Martell v. Cole, 115 F.4th 1233, 1237 (9th Cir. 2024). It is the defendants' burden to establish the basis for the conviction. See Sanford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001) ("It was the burden of the defendants to establish their defense by showing what the basis was.").

      B.   Legal Standards Governing Eighth Amendment Excessive Force Claims

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Id. at 9.

V.    THE PARTIES' ARGUMENTS

Defendants argue that plaintiff's excessive force claims necessarily imply the invalidity of the prison disciplinary proceedings because plaintiff's factual claims are inseparable from the facts underlying the RVR decision. (ECF No. 59-1 at 6.) Defendants contend that plaintiff's assertion that he remained compliant throughout the incident are at odds with Kurgan's statement in the RVR that Kurgan only applied force immediately after plaintiff refused the order to get down on the ground and physically resisted, and only stopped resisting after Kurgan applied the

1  force described in the RVR.  (Id.)  In addition, while plaintiff contends defendant Jones
2  responded to the alarm and assaulted plaintiff while he was handcuffed on the ground, defendants
3  point out that the RVR states that Officer Earnshaw (not Jones) responded to the alarm.  (Id.)
4  Defendants argue that "[b]ecause plaintiff's and defendants' actions are so closely interrelated
5  and part of a single course of conduct, a finding that Kurgan and Jones used excessive force while
6  plaintiff was not resisting them would necessarily imply the invalidity of the RVR finding that
7  plaintiff was guilty of willfully resisting and committing battery on a peace officer during the
8  performance of his duties."  (ECF No. 59-1 at 6 (citing Blair v. Trimble, 2016 WL 11448124, at
9  *12 (S.D. Cal. May 11, 2016)).  Defendants also rely on Muhammad v. Garrett, 66 F. Supp. 3d
10 1287, 1289 (E.D. Cal. 2014), aff'd sub nom. Muhammad v. City of Bakersfield, 671 F. App'x
11 982 (9th Cir. 2016).  Other than defense counsel's declaration, defendants provided no
12 declaration in support of their motion for summary judgment.

13      In his unverified opposition, plaintiff does not address the application of Heck, or provide
14 any evidence that the RVR guilty finding has been overturned or expunged, but reiterates his
15 claim that defendant Kurgan used excessive force on plaintiff on November 5, 2022 by throwing
16 plaintiff to the ground and punching and kicking him.  (ECF No. 66 at 1.)  Plaintiff also requests
17 that the Court review all camera footage to show plaintiff is telling the truth.  (Id.)  Plaintiff does
18 not address his claims against defendant Jones, and plaintiff did not provide a declaration.  (Id.)

19      In reply, defendants again argue that plaintiff's disciplinary conviction for willfully
20 resisting a peace officer is at odds with plaintiff's claim he did not resist, meaning "there is no
21 spatial or temporal separation between the acts for which plaintiff was convicted," and his claims
22 are therefore barred by Heck.  (ECF No. 67 at 2.)  Defendants then conclude that "[it] is
23 undisputed that the facts that form the basis of Plaintiff's excessive force claims are directly
24 contradicted by his RVR guilty finding for committing battery against Defendant Kurgan."  (Id. at
25 4.)

26 VI.   DISCUSSION
27      Initially, the Court observes that defendants argue that plaintiff was found guilty of battery
28 on a police officer (ECF No. 59-1 at 1:24-26, 2:18-19, 7:9), but in addition argue that plaintiff

8

1  was also found guilty of willfully resisting a peace officer in the performance of his duties (ECF
2  Nos. 59-1 at 4:24-25; 7:1-3; 67 at 2:8-9, 11-13). In Blair and Muhammad, relied on by
3  defendants, both plaintiffs were found guilty of willfully resisting as well as battery or assault.
4  But here, plaintiff was only charged with and found guilty of battery on a peace officer, not
5  willfully resisting a peace officer. (ECF No. 59-2 at 29, 36.) Thus, defendants' arguments that
6  plaintiff's resistance during the course of this transaction (ECF No. 59-1 at 6-7; 67 at 2-3) bars
7  plaintiff's excessive force claims under Heck because plaintiff was found guilty of resisting
8  Kurgan is unavailing.

Also, plaintiff's request that the Court view camera footage from the November 5, 2022 incident is denied because plaintiff did not submit any camera footage with his opposition.

Turning to the merits of the motion, defendants also argue that because the course of events on November 5, 2022, was one continuous transaction, plaintiff's excessive force claims are all barred by Heck. This Court disagrees.

Plaintiff was found guilty of "Battery on a Peace Officer," which was a violation of California Code of Regulations, Title 15, § 3005(d)(1). (ECF No. 59-2 at 34.) Section 3005(d)(1) states,

> Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person.

Cal. Code Regs. tit. 15, § 3005(d)(1). In California, battery is defined as "any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. "It thus has two stated elements: (1) a use of 'force or violence' that is (2) 'willful and unlawful.' " People v. Miranda, 62 Cal. App. 5th 162, 173 (2021). Therefore, the hearing officer considered the following elements in deciding whether plaintiff violated § 3005(d)(1), as documented in the RVR: plaintiff willfully and unlawfully used force or violence upon a peace officer.

Based on such elements, the guilty finding was based on the following facts, which the hearing officer recounted in the RVR: plaintiff, while standing at the wall with his hands behind his back, "began thrashing his upper body left and right," then used "his left foot to kick and make contact with [defendant Kurgan's] right shin." (ECF No. 59-2 at 34.) According to the

1  Heck bar, plaintiff's § 1983 claims may not advance any legal theory that, if successful, would
2  necessarily invalidate or contradict any of the foregoing facts. Stated differently, none of the
3  foregoing facts can be presumed to be false for purposes of evaluating plaintiff's § 1983 claims.
4        Applying the foregoing facts, plaintiff's excessive force allegations would not necessarily
5  invalidate or contradict the facts supporting the guilty finding that plaintiff committed battery.
6  Even if plaintiff battered defendant Kurgan, plaintiff could pursue the legal theory that the force
7  applied by defendants in response to the battery was excessive and unnecessary and was applied
8  maliciously and sadistically for the purpose of causing harm to plaintiff. The Ninth Circuit has
9  determined that an excessive force claim may not be barred by Heck when a conviction and a
10 § 1983 claim are "based on different actions during 'one continuous transaction.'" Hooper v.
11 Cnty. of San Diego, 629 F.3d 1127 (9th Cir. 2011); see also Sanford, 258 F.3d at 1120 ("If the
12 officer used excessive force subsequent to the time [the plaintiff] interfered with the officer's
13 duty, success in her section 1983 claim will not invalidate her conviction. Heck is no bar."). In
14 other words, "assault of a peace officer and a claim of excessive force are not mutually exclusive
15 because a finding that defendant responded to the assault with excessive force would not negate
16 any of the elements of assault." Singanonh v. Fine, 2020 WL 2193498, at *4 (E.D. Cal. May 6,
17 2020) (collecting cases), report and recommendation adopted, 2020 WL 5891398 (E.D. Cal. Oct.
18 5, 2020).
19       The Court has considered whether defendant Kurgan's alleged "throwing" of plaintiff to
20 the floor could be viewed as part of one continuous chain of events intertwined with plaintiff's
21 thrashing at the wall during which plaintiff kicked defendant Kurgan and continued thrashing
22 after. See Blocker v. Solis, 2023 WL 10479566, at *5 (C.D. Cal. Dec. 18, 2023) (finding that
23 Heck barred plaintiff's § 1983 claim for excessive force because "acts underlying [p]laintiff's
24 battery conviction and [d]efendants' alleged acts of excessive force [we]re intertwined and [we]re
25 not separated in time"), adopted by 2024 WL 1257431 (C.D. Cal. Mar. 25, 2024). However,
26 according to Kurgan's statement in the RVR, plaintiff's kicking of Kurgan occurred while
27 plaintiff was at the wall and before Kurgan ordered plaintiff to get down. (ECF No. 59-2 at 39.)
28       In finding plaintiff guilty of battery, the hearing officer relied on Kurgan's version of what

took place on November 5, 2022, prior to Kurgan's direct order to plaintiff to get down, with the exception that it noted there were "negative results" from the order to get down, and plaintiff "continued thrashing." (Id.) Thus, the battery finding did not expressly rely on any actions by plaintiff in response to defendant Kurgan's subsequent alleged use of force in taking or "throwing" plaintiff to the floor. Kurgan's statements in the RVR did not include any claim that plaintiff kicked Kurgan at any other point in the November 5, 2022 incident. Therefore, any perceived resistance by plaintiff after he kicked Kurgan's leg would not necessarily implicate the validity of the battery finding. See Martell, 115 F.4th at 1240-41 (Heck did not bar § 1983 action because resisting-arrest conviction could have been based on act of resistance or obstruction different from plaintiff's conduct during allegedly unlawful use of force).

Further, according to the RVR, Kurgan stated that plaintiff stopped resisting once plaintiff was on the ground, and plaintiff alleges that excessive force was used by both defendants Kurgan and Jones after plaintiff was "thrown" to the floor. Thus, although plaintiff was found guilty of battery on Kurgan, Heck would not necessarily bar plaintiff's claims for the actions of Kurgan and Jones after the battery after plaintiff was on the ground.[2] See Kamali v. Stevens, 2022 WL 4593052, at *4-5 (E.D. Cal. Sept. 30, 2022); Brown v. Holland, 2014 WL 1339687, at *1 (N.D. Cal. Mar. 28, 2014) (finding excessive-force claim not Heck-barred because plaintiff who had resisted arrest was already in prone position and was not resisting when defendant "used his full body weight to push down on plaintiff's back causing plaintiff to experience excruciating pain").

Therefore, the Court declines to find that the determination that plaintiff was guilty of battery on a peace officer is inconsistent with plaintiff's allegations that defendants used excessive force. It is possible that defendants used excessive force in response to plaintiff's actions. See Stevenson v. Holland, 2020 WL 264422, at *15 (E.D. Cal. Jan. 17, 2020) (prisoner was found guilty of "Battery on a Peace Officer with Serious Injury" but court declined to find that prisoner's excessive force claim was Heck barred because "even if [the prisoner] battered

---

[2] Defendants point out that according to the RVR, Officer C. Earnshaw responded to the incident, put handcuffs on plaintiff and "took over . . . physical placement on [plaintiff]." (ECF No. 59-2 at 39.) But defendants did not move for summary judgment based on a theory that defendant Jones was not present during the incident.

11

[the officer] by shouldering and kicking him and fractured [the officer's] hand, [the prisoner] can advance the cognizable legal theory that the force applied by the prison officers in response was excessive and unnecessary and applied maliciously and sadistically for the purpose of causing harm to [the prisoner]."); Stalling v. Stinson, 2021 WL 3630470, at *3 (E.D. Cal. Aug. 17, 2021) (declining to find excessive force claim was Heck barred because the court found the RVR guilty finding was not inconsistent with the complaint allegations). Thus, defendants' motion for summary judgment should be denied, because plaintiff's excessive force claims are not barred by Heck.

## VII.   PLAINTIFF'S DEPOSITION TRANSCRIPT

In these findings and recommendations, the Court referred to portions of plaintiff's September 10, 2024 deposition transcript that were not included in defendants' excerpts of the deposition submitted in support of their motion for summary judgment. Therefore, the Court orders the Clerk of Court to file, under seal, the electronic transcript of plaintiff's deposition in the court record. Local Rule 133(j).

## VIII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request that the Court view camera footage from the November 5, 2022 incident (ECF No. 67) is denied.

2. The Clerk of the Court is directed to assign a district judge to this case, and shall file the electronic transcript of plaintiff's deposition under seal.

Further, IT IS RECOMMENDED that defendants' motion for summary judgment (ECF No. 59) be denied, and this action be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 8, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/coll1600.msjd.H

13